IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| HENRY SEGOVIA, PRO SE, | § | |
| TDCJ-CID No. 1521248, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0112 |
| | § | |
| Sgt. ELIJOH R. SANCHEZ, | § | |
| CO3 LAUREL A. LASLEY, | § | |
| CO4 THOMAS F. SAVALA, | § | |
| CO3 AKEEM E. BURNS, | § | |
| CO4 JOHNSON G. GILBERT, | § | |
| CO4 FRANK A. ROCHA, | § | |
| Lt. TIMOTHY R. WASHINGTON, | § | |
| CO3 STAFANI J. CONDARCO, | § | |
| CO4 AMANDA G. PALOMO, | § | |
| CO3 YESENIA R. MEDRANO, and | § | |
| TDCJ, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff HENRY SEGOVIA, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Upon review of plaintiff's complaint, the Court issued a Briefing Order Questionnaire, to which plaintiff filed his response on October 24, 2011.

By his Complaint, plaintiff alleges that, on January 9, 2011, defendant LASLEY ordered him to leave the chow hall because he got up without permission to get some food he had

neglected to get when he first went through the chow line and tried to strike up a conversation with another officer on the way back. Plaintiff says he sat down and that defendant LASLEY called defendant Sgt. ROCHA who was running the chow hall. Plaintiff says ROCHA told plaintiff to finish and go. Plaintiff says defendant SAVALA then stood behind him while plaintiff sat down and finished eating. SAVALA, while holding a can of mace, instructed plaintiff to put his hands behind his back. Plaintiff says defendants BURNS and GILBERT were standing on plaintiff's left.

    Plaintiff alleges he stood up with both hands on his tray at his waist and SAVALA suddenly grabbed him on the shoulder, his other hand holstering his can of mace; and defendant SANCHEZ "was in [plaintiff's] face bitchin at [plaintiff]." Plaintiff says Sgt. SANCHEZ grabbed and held plaintiff's arm and snatched plaintiff's tray away, raising it in the air.

    Plaintiff says he reacted by striking Sgt. SANCHEZ with a closed fist. Plaintiff says SANCHEZ hit him back, and ROCHA, BURNS, SAVALA, GILBERT, and LASLEY hit plaintiff and wrestled him off of SANCHEZ. Plaintiff says that at some point while he was restrained, defendant SANCHEZ kept punching him in the face and eyes. Plaintiff also alleges while he was prone and being cuffed, defendant LASLEY "kept kicking [him] in the head and saying 'that's [sic] teaches you to assault an officer.'"

    Plaintiff further complains all the defendants are in the wrong because they could have used a chemical agent on him.

    By his October 24, 2011 Questionnaire Response, plaintiff states he received a disciplinary case for assaulting defendants ROCHA and SANCHEZ, was found guilty, and lost

100 days of accumulated goodtime credits, addition to reduction of line class from L2 to L3 and temporary restrictions of privileges.  Plaintiff says the disciplinary case was never overturned on appeal or called into question by a successful habeas corpus action.

Plaintiff states defendants WASHINGTON, CONDARCO, PALOMO, and MEDRANO "conspired of assault on [plaintiff]" by being present and witnessing the fight, having the opportunity to record the incident, but failing to do so.  By his October 24, 2011 Questionnaire response to question nos. 12-15, plaintiff alleges defendants CONDARCO and PALOMO had camcorders but did not tape the incident, defendant Lt. WASHINGTON did not order either of then to tape the incident, and defendant MEDRANO did not report the excessive use of force to defendants TDCJ-ADMIN. or TDCJ-O.I.G.

Plaintiff further sues defendant TDCJ-ADMIN. and defendant TDCJ-O.I.G. "failed to conduct a thorough investigation of this incident," committing "'gross negligence,' moral turpitude."

As relief, plaintiff requests "some action to be taken against the following officers," that his disciplinary case be expunged, and that his goodtime credit and line class be restored.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

**IMMUNITY UNDER 11TH AMENDMENT**

Plaintiff's suit against TDCJ ADMINISTRATION and TDCJ-OIG is simply an attempt to sue subdivisions of the Department of Criminal Justice, Correctional Institutions Division. Actions brought pursuant to Title 42, United States Code, section 1983, are subject to the sovereign immunity bar of the Eleventh Amendment.  *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).  The Eleventh Amendment bars suit against a state or a state official unless the State has waived its sovereign immunity.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).  This also applies to cases in which the state is the real party in interest.  *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975).  The eligibility of the Texas Department of Criminal Justice for

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Therefore, the Texas Department of Criminal Justice and its subdivisions, *i.e.*,TDCJ ADMINISTRATION and TDCJ-OIG are not "persons" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Plaintiff's claims against TDCJ ADMINISTRATION and TDCJ-OIG are barred by sovereign immunity. "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

### RELIEF UNAVAILABLE

In addition, the relief plaintiff has requested in this lawsuit is not available in a section 1983 case. First, plaintiff has requested that the disciplinary case be expunged and his line class and goodtime credits be reinstated. Plaintiff's claim for good-time credits is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973). Further, to grant any of the relief requested, the Court would first have to find the disciplinary charge and the determination of guilt to have been invalid. In the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck*[3] doctrine is now applied to the prison disciplinary setting. For this reason, plaintiff's claim is not cognizable

---

[3]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)

under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. *See, also, Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)). Plaintiff's October 24, 2011 Questionnaire response to Question No. 10 affirmatively demonstrates that his disciplinary case has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's challenge to the disciplinary case lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Second, plaintiff requests that "some action be taken against the following officers." Plaintiff does not identify the officers or specify what action. To the extent plaintiff is requesting criminal charges to be brought against some or all of the defendants, that request is frivolous. Plaintiff cannot obtain criminal charges against a defendant through this lawsuit. See *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (a private citizen does not have judicially cognizable interest in the prosecution or non-prosecution of another person). Since plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to even raise such a claim. *Id*. at 619.

To the extent plaintiff is demanding that the defendants be fired from their jobs or disciplined in some other way, that request is also frivolous. Federal courts are not personnel directors of state prison systems, and such relief is therefore also unattainable in this action. *See,*

*Maxton v. Johnson,* 488 F.Supp. 1030, 1032, n. 2 (D.S.C.1980), citing *United States v. White County Bridge Commission,* 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States,* 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960). There does not appear to be any further relief requested.

All of the relief plaintiff requests is unavailable in a prisoner civil rights action; therefore, his claims for relief lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff HENRY SEGOVIA be DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 12(b)(1) and WITH PREJUDICE AS FRIVOLOUS.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his pleading defects or he may file objections to the Report and Recommendation.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

       IT IS SO RECOMMENDED.

       ENTERED this 31st day of July, 2012.


                         /s/ Clinton E. Averitte
                         CLINTON E. AVERITTE
                         UNITED STATES MAGISTRATE JUDGE


## * <u>NOTICE OF RIGHT TO OBJECT</u> *

       Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

       Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).